**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

United States of America ex rel.
The Tarbell Group, LLC,

Plaintiff

v.

Western Association of Fish and Wildlife
Agencies,
and Unknown John or Jane Does,

Defendants

Case no. 1:25-cv-144-DCN

**RELATOR'S OPPOSITION TO DEFENDANT'S REQUEST TO GRANT ITS MOTION
TO DISMISS AS UNOPPOSED**

**Introduction**

Defendant Western Association of Fish and Wildlife Agencies ("WAFWA") asks the Court

to dismiss this False Claims Act case with prejudice without reading an opposition—to treat a

missed response deadline as consent to dismissal. ECF Doc. 29. The deadline was missed in the

midst of the withdrawal of Relator's local counsel. On June 17, 2026, thirteen days before Relator's

response to WAFWA's motion to dismiss fell due, Relator's local counsel, T. Jason Wood, moved

to withdraw because a two-week jury trial he had expected to settle was proceeding to trial. His

motion requested a stay of proceedings so that Relator would have a fair opportunity to secure

replacement local counsel and to respond to the motion to dismiss. ECF Docs. 28, 28-1. That

motion remains pending. In the related case of *United States ex rel. The Tarbell Group, LLC v.*

*Appaloosa Horse Club, et al.*, No. 3:25-cv-145-DCN (D. Idaho), the Court granted Mr. Wood's

identical motion the next day and stayed all proceedings for twenty-one (21) days. *Id.*, ECF Doc.

67. Relator awaited a like order here. None issued, the deadline passed, and WAFWA now asks that its motion be granted.

Relator moves concurrently herewith for an extension of time to secure replacement local counsel and to respond to the motion to dismiss. The missed deadline was excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B), not consent to the dismissal, with prejudice, of claims that belong principally to the United States.

## Argument

### 1. Local Rule Civ. 7.1(f)(1) is permissive, and silence alone does not warrant dismissal.

The rule provides that a failure to respond "may be deemed to constitute a consent" to the granting of a motion. Before a case is dismissed for failure to comply with a local rule, the Ninth Circuit requires the Court to weigh the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to the defendant, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. Dismissal "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (*per curiam*).

The factors weigh decisively against WAFWA's request. The delay is measured in weeks, and its cause—the withdrawal of Relator's local counsel—is before the Court in a pending motion that itself requested a stay to preserve Relator's opportunity to respond. ECF Doc. 28, at 2. WAFWA identifies no prejudice: its motion to dismiss rests on the public disclosure bar and on Rule 9(b), legal contentions that a short delay impairs not at all. The public policy favoring disposition of cases on their merits weighs against dismissal in every case. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). And a less drastic course is at hand: grant the extension Relator has requested and set a firm deadline for its response. WAFWA's own

alternative request—an order to show cause—concedes that these lesser measures are available. This opposition and the accompanying motion supply the showing such an order would seek.

This District also counts among its standards of practice the making of "good faith efforts to resolve by agreement any disputes." Local Rule Civ. 83.8(4). WAFWA did not contact Lead Counsel to ask about the status of local counsel, to propose an agreed schedule, or to seek any resolution of the missed deadline by agreement before asking the Court to dismiss the case with prejudice. The one communication Lead Counsel received—a joint letter of July 9, 2026 from counsel for WAFWA and the defendants in the related case—demanded that Relator dismiss both Idaho cases in full. The contrast with Relator's practice is stark: Relator consented to both extensions of time WAFWA requested for its response to the complaint. ECF Docs. 16, 17, 25. A request for dismissal with prejudice, made without even an attempt at agreement, honors neither the letter nor the spirit of the rule.

### 2. The missed deadline was excusable neglect.

Excusable neglect turns on the danger of prejudice, the length of the delay, the reason for the delay, and the movant's good faith. *Cf. Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993) (construing "excusable neglect" in the less-forgiving context of Fed. R. Civ. P. 60); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (same). There is no prejudice, as shown above. The delay is short: WAFWA filed its notice fourteen days after the deadline, and Relator has responded within days of the notice. The reason for the delay is the withdrawal of local counsel thirteen days before the response fell due, coupled with the reasonable expectation—borne out the next day in the related case—that the Court would stay proceedings while Relator secured replacement local counsel, as Local Rule Civ. 83.4(e) requires for any filing in this Court. Lead Counsel was wary of filing a substantive brief

without the current local counsel that rule requires. Lead Counsel has spoken with multiple Idaho attorneys in search of replacement local counsel, but has not yet found one able to serve, whether because of conflicts or otherwise. WAFWA itself treated the deadline as unsettled: its counsel's joint letter of July 9, 2026 spoke of Relator's response deadlines "[r]egardless of whether the deadlines for filing your oppositions were tolled by the 21-day stay ordered by the Court." A deadline the movant itself could not state with confidence is a poor foundation for a finding of consent by silence. And Relator has acted in good faith throughout. Relator acknowledges that the more prudent course would have been to move for an extension before June 30. But the neglect was honest and harmless.

**3. Fees are unwarranted.**

Defendant requests attorney's fees under Local Rule Civ. 7.1(f)(1). The missed deadline traces to counsel's withdrawal, not to bad faith, and WAFWA identifies no expense beyond its four-page notice which it inflicted on itself by failing to confer with Relator's counsel first.

## Conclusion

For the foregoing reasons, Relator respectfully requests that the Court deny decline to grant WAFWA's motion to dismiss as unopposed.

Respectfully submitted,
/s/

Bruce Ellis Fein, Esq.
Admitted pro hac vice
Bruce Ellis Fein, PLLC
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
Attorney for Relator The Tarbell Group, LLC

4