Bruce Ellis Fein (pro hac vice)
Virginia State Bar No. 44049
Bruce Ellis Fein, PLLC
P.O. Box 506
Great Falls, VA 22066
Telephone: 703-248-0390
bruce@newdream.net

John G. Simmons
Idaho State Bar No. 3156
John Simmons JD LLM, PC
796 Memorial Drive
Idaho Falls, ID 83402
Telephone: 208-528-9901
johnsimmonslaw@gmail.com

Attorneys for Plaintiff-Relator The Tarbell Group, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| United States of America ex rel.<br>The Tarbell Group, LLC,<br><br>Plaintiff<br><br>v.<br><br>Western Association of Fish and Wildlife Agencies and<br>Unknown John or Jane Does,<br><br>Defendants | Case no. 1:25-cv-144-DCN |

**RELATOR'S OPPOSITION TO DEFENDANT WESTERN ASSOCIATION OF FISH AND WILDLIFE AGENCIES' MOTION TO DISMISS**

[Dkt. 27]

**Introduction**

Plaintiff-Relator The Tarbell Group, LLC ("Relator") filed this action on behalf of the United States under the False Claims Act ("FCA" or "Act"), 31 U.S.C. §§ 3729-3733, alleging that Defendant Western Association of Fish and Wildlife Agencies ("WAFWA"), an organization

exempt from taxation under 26 U.S.C. § 501(c)(4), applied for and obtained a $143,600.00 Paycheck Protection Program ("PPP") loan approved on April 14, 2020, and obtained forgiveness of $144,371.11 on November 3, 2020, by falsely certifying its eligibility, although the PPP excluded 501(c)(4) organizations from eligibility at all times. Complaint, Doc. 1 ("Compl.") ¶¶ 4, 8-10, 12-15. WAFWA's tax class stands apart from most others in this respect. Congress extended eligibility to 501(c)(6) organizations in December 2020 and to further categories in March 2021, but never to 501(c)(4)'s. At no time was WAFWA eligible.

WAFWA's motion (Doc. 27) advances two grounds particular to it, a public-disclosure argument built on a Single Audit Act report and a reservation of attorney's fees under 31 U.S.C. § 3730(d)(4). Like the movants in the companion case, it asks in addition that any dismissal be with prejudice. For the remainder it adopts by reference the motions to dismiss pending in *United States ex rel. The Tarbell Group, LLC v. Appaloosa Horse Club, et al.*, No. 3:25-cv-145-DCN (D. Idaho). Mem., Doc. 27-1, at 6-7. Relator's Consolidated Opposition to Eleven Defendants' Motions to Dismiss, filed this day in No. 3:25-cv-145-DCN ("Consolidated Opposition"), answers the incorporated arguments seriatim, and Relator incorporates it by reference as though fully set forth herein: Part 1 (the public-disclosure bar), Part 2 (Rule 9(b), scienter, and materiality), Part 4 (the reverse-false-claims allegations), and Part 5 (leave to amend).

This memorandum addresses the two points particular to WAFWA. In short, the Single Audit Act audit is not a qualifying Federal audit, it does not disclose WAFWA's misrepresentation, and it does not disclose that it was made knowingly. Those allegations appear only in the Complaint, and it is for Relator to prove them. WAFWA's argument to the contrary amounts to an argument that the public record has already proved it guilty of fraud, a position it would not embrace.

Attorney's fees are patently unwarranted on the merits, and on the caselaw. Relator addresses them solely to avoid a concession by operation of D. Idaho Loc. Civ. R. 7.1(f)(1).

**Argument**

**1. The Single Audit Act audit does not trigger the public-disclosure bar, because it is not a federal audit and because it disclosed a lawful-seeming loan, not a fraud.**

The bar applies only if "substantially the same allegations or transactions as alleged in the action" were publicly disclosed through an enumerated source. 31 U.S.C. § 3730(e)(4)(A). As explained in Part 1 of the Consolidated Opposition, where no source contains an outright allegation of fraud, the Ninth Circuit requires that the enumerated sources reveal both the misrepresented state of facts (X) and the true state of facts (Y), so that the inference of fraud (Z) follows. *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 571 (9th Cir. 2016); *United States ex rel. Found. Aiding the Elderly v. Horizon W., Inc.*, 265 F.3d 1011, 1015 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1189 (9th Cir. 2001).

WAFWA's argument that its audit under the Single Audit Act, 31 U.S.C. §§ 7501-7506, is a qualifying "Federal . . . audit" under the public-disclosure bar, 31 U.S.C. § 3730(e)(4)(A), was rejected by the sole appellate decision Relator is aware of that considered it. In *United States ex rel. Dunleavy v. County of Delaware*, 123 F.3d 734 (3d Cir. 1997), the defendant county invoked, among other sources, its "annual financial audits submitted to the federal government pursuant to the County's obligation under the Single Audit Act, 31 U.S.C. § 7502." *Id.*, at 740. Those audits recorded the county's receipt and retention of the funds at issue. The Third Circuit held that they "disclosed only the actual state of facts," and that the misrepresented state of facts appeared only in a separate report that no enumerated source had disclosed. *Id.*, at 743. The court further held that reports originating outside the federal government were not the "administrative" reports the statute then enumerated. *Id.*, at 745-46. The Supreme Court rejected that reading in *Graham*

*County Soil & Water Conservation District v. United States ex rel. Wilson*, 559 U.S. 280 (2010), but only as a construction of the pre-2010 FCA text, which the Court noted had already been replaced and was not before it. *Id.*, at 283 n.1. One week before that decision Congress enacted the replacement, confining clause (ii) to "Federal" reports, hearings, audits, and investigations. Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119, 901-02 (2010). What *Dunleavy* read into the earlier text Congress thus wrote into the present one, and the holding on which Relator relies, 123 F.3d at 743, was not touched by the abrogation. WAFWA's audit was conducted by its independent accountants at its engagement, and its later deposit in a federal clearinghouse did not make it a "Federal . . . audit."

But the Court need not decide the point, because the audit, like the audits in *Dunleavy*, disclosed only the true state of facts. Even if WAFWA's audit is a qualifying "Federal . . . audit," its contents do not support the defense. It disclosed only this: that WAFWA is a 501(c)(4) organization, and that it received, spent, and obtained forgiveness of a PPP loan of stated principal, interest, and maturity. Those are Y facts, the same innocent particulars the SBA loan database publishes for every borrower. The misrepresented state of facts, X, is WAFWA's certification of eligibility, made on its loan application (SBA Form 2483), accompanied by its initialed certification, knowingly false within the meaning of the Act, 31 U.S.C. § 3729(b)(1), that the information it supplied was true and accurate in all material respects, and renewed on its forgiveness application. The audit does not quote, cite, or evaluate either certification. The applications are non-public documents in the hands of WAFWA, its lender, or the SBA. No reader of the audit would learn from it that WAFWA had represented anything to anyone. A disclosure of Y without X is not a disclosure of the actionable transaction. Consolidated Opposition, Part 1.

Even less favorably for WAFWA, the audit affirmatively portrayed the loan as lawful. By WAFWA's account, the audit's Note G (which WAFWA's memorandum appears to mislabel "Note N") describes the loan as a CARES Act loan received and forgiven in the ordinary course, and WAFWA's counsel elsewhere characterizes the audit as reflecting "[t]he statutory grant that the CPAs believed authorized the PPP loan." Mem., at 9-10. The audit reported no finding of noncompliance and no hint that section 501(c)(4) organizations were excluded from the program. A public document that presents a transaction as regular does not disclose "allegations or transactions" of fraud. It discloses the opposite, and it places no one, not the government and not the public, on the trail of a misrepresentation. The bar exists to discourage "litigation by plaintiffs who have no significant information of their own to contribute" to a fraud already revealed. *Mateski*, 816 F.3d at 570.

WAFWA's memorandum reinforces the point against it. It tells the Court that "all Relator offers to support that serious accusation are publicly available facts—WAFWA's tax-exempt status and the existence of its PPP loan." Mem., at 10. A tax status and a loan are what the public record holds, and a tax status and a loan are not a fraud. The accusation WAFWA calls serious is that it certified an eligibility it knew, or recklessly disregarded, that it did not possess, and upon that accusation the public record is silent. WAFWA cannot maintain at once that the public documents disclosed everything material and that those same documents show no wrongdoing. Were the audit a disclosure of fraud, WAFWA would stand condemned and indeed could be convicted of fraud based upon the exhibit it tenders. The audit is no such disclosure, and whether WAFWA acted knowingly remains a question for proof upon the merits.

WAFWA's contention that the audit "provides more details on the PPP loan than the complaint," Mem., at 9-10, is of no import, for the bar does not weigh volume of detail. It asks

whether the essential elements of the fraud were publicly revealed, and innocent details—the authorizing bank, the interest rate, the maturity date, the accounting treatment—do not sum to one misrepresentation, for none bears upon what WAFWA represented or misrepresented, knew or avoided knowing. The Ninth Circuit measured the question the way this Court should in *United States ex rel. Relator, LLC v. Erskine*, 182 F.4th 785 (9th Cir. 2026), holding that "[s]tanding alone," the source relied upon did "not conclusively demonstrate" the borrower's ineligibility, and that the district court had "impermissibly assessed" the relator's theory "at the highest level of generality." *Id.*, at 793 (quoting *Mateski*, 816 F.3d at 577). It then took a second step that governs here, asking whether the subject matter of the relator's allegations had been publicly disclosed at all. *Id.* (citing *Mateski*, 816 F.3d at 578). WAFWA may answer that its audit names the subsection of section 501(c) exactly, where an industry code is a proxy. The comparison the Act requires is still between the enumerated sources and Relator's allegations, and the allegation upon which every count depends, that WAFWA certified an eligibility it did not possess and did so knowingly, appears nowhere in the audit.

Because no qualifying disclosure of the fraud occurred, WAFWA's original-source argument, Mem., at 10-11, answers a question that never arises. The exception is reached only if the bar otherwise applies. Relator does not invoke it upon this motion, and need not, for the threshold requirement of the defense, a prior public disclosure of substantially the same allegations or transactions, is absent. The Court of Appeals reversed in *Erskine* although the relator there likewise claimed no original-source status. 182 F.4th at 792 n.2. Consolidated Opposition, Part 1.

**2. The reserved request for fees under section 3730(d)(4) is meritless.**

Relator addresses the reservation because WAFWA asks the Court to grant it leave to move for fees as part of the relief sought upon this motion, Mem., at 13, and in this District a failure to respond to a request may be deemed a consent to granting it. D. Idaho Loc. Civ. R. 7.1(f)(1). Fees

under 31 U.S.C. § 3730(d)(4) require both that the defendant prevail and that the claim be "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment," and such an award is "reserved for rare and special circumstances." *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006-07 (9th Cir. 2002). A complaint is none of those things whose legal theory the Ninth Circuit sustained in a published opinion five weeks after WAFWA filed its motion, and that survived thirteen motions to dismiss in another district court, and where the government has intervened to settle at least 20 materially identical cases brought by the same Relator. *Erskine*, 182 F.4th at 793; *United States ex rel. The Tarbell Group LLC v. Bristol TN-VA Ass'n of Realtors*, No. 1:25-cv-111, Doc. 149 (E.D. Tenn. Sept. 14, 2026) (not yet available on Lexis); Consolidated Opposition, Part 2; *see United States v. Hodges*, No. 2:22-cv-05200, 2026 U.S. Dist. LEXIS 33806, at *2-4 (C.D. Cal. Jan. 20, 2026) (holding that continuing to litigate after the government declines to intervene is not inherently vexatious in denying fees after dismissal on public-disclosure bar); *United States v. Jet Propulsion Lab'y*, No. 2:23-cv-06791, 2026 U.S. Dist. LEXIS 167243, at *4-5 (C.D. Cal. June 5, 2026) (similar).

The single authority WAFWA offers corroborates the point. *Amphastar Pharms. Inc. v. Aventis Pharma SA*, 2017 U.S. Dist. LEXIS 232244 (C.D. Cal. Nov. 20, 2017), awarded fees only after a four-day evidentiary hearing and an affirmance upon appeal, and the court that awarded them had denied dismissal "at the pleading stage," reaching the question only when "it became clear at the evidentiary hearing" that the relator's allegations had no support. *Id.*, at *10-11, *13. The sentence WAFWA quotes is in the same passage: a claim may be clearly frivolous where "the relator's status as an original source is wholly lacking in evidentiary support." *Id.*, at *12-13. That is a judgment upon evidence, and WAFWA asks this Court to make it upon a complaint.

## Conclusion

For the foregoing reasons and those stated in the Consolidated Opposition, WAFWA's motion to dismiss should be denied in its entirety. Should the Court find any claim deficient, dismissal should be without prejudice and with leave to amend.

Respectfully submitted,

/s/
John G. Simmons, Esq.
ISB No. 3156
John Simmons JD LLM, PC
796 Memorial Drive
Idaho Falls, ID 83402
johnsimmonslaw@gmail.com
208-528-9901

Attorney for Relator

/s/
Bruce Ellis Fein, Esq.
Bruce Ellis Fein, PLLC
Admitted pro hac vice
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390

Attorney for Relator